IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| WARREN G. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15-751-SMY-SCW |
| | ) | |
| IL. DEPT OF HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF HUMAN SERVICES, MICHAEL JASMON, MELINDA MILLER, BRADLEY RIDENHOUR, CHRYSTAL HALE, and JANICE RALLS by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and, pursuant to Fed. R. Civ. P. 12(b)(6) ask this honorable court to dismiss the complaint. As grounds, Defendants submit this Memorandum of Law:

## I.  INTRODUCTION

On July 13, 2015, Plaintiff filed this Complaint, claiming a myriad of issue with respect to his discharge. The Complaint should be dismissed because it does not allege sufficient facts to support any cause of action.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "[e]ach allegation must be simple, concise, and direct." *See* Federal Rule of Civil Procedure 8(d). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) However, Rule 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555; *see Travis v. Cook-DuPage Transp.*, 2012 WL 1284022 (2012)(discussing *Twombly*) If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 550 U.S. at 679. Plaintiff must plead sufficient facts to raise the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 663. However, when the well-pleaded facts do not permit the Court to infer any more than the mere possibility of misconduct, the complaint cannot survive a motion to dismiss. *Id*. at 679.

### III. ARGUMENT

**1.    Plaintiff fails to allege sufficient facts to establish any cause of action**

Plaintiff sets out five days in 2015 upon which he stakes his claims: February 2, 19, 20, 26, and March 4. As to each of these days, he names a Defendant and lists his "causes of action," against that Defendant. Some of the 'causes of action' are legally cognizable, although no facts support them, and some of them are simply workplace complaints: defamation, slander, libel, verbal harassment, workplace harassment, duress, "coercion of other employees to defame my character," violating administrative directives, intimidating behavior, abusive language, disrespectful behavior, cursing, professional negligence, lack of professionalism, failure to discipline Caucasian employees, unfair business practices, race discrimination and retaliation, to name a few.

Plaintiff lists no facts in his Complaint to support his conclusory allegations against any of the named the Defendants, as required by Rule 8. Plaintiff simply identifies, for each Defendant, a time and place and then lists purported legal theories without any further facts.

Plaintiff fails to give Defendants any notice whatsoever as to how they acted or what they did to Plaintiff that would give rise to any of the claims listed. Simply listing words such as "coercion," "retaliation" and "libel" is insufficient notice under the federal rules to establish any element of a cause of action. As discussed in *Twombly*, the plaintiff is obligated "to provide the grounds of his entitlement to relief," which requires the plaintiff to provide more than labels and conclusions. *Twombly*, 550 U.S. at 545. "A formulaic recitation of the elements of a cause of action will not do" *Id.* at 545; *see also Travis,* 2012 WL 1284022 at *7 (stating that allegation that plaintiff suffered injury and "became disabled" is the type of mere label and conclusion that *Twombly* warns against). As it stands, Plaintiff has failed to provide any grounds for his relief and the Defendants are left to guess, or make up facts to support Plaintiff's legal theories.

WHEREFORE, for the above and foregoing reasons, Defendants ask this court to dismiss the complaint.

Respectfully Submitted,

MICHAEL JASMON, MELINDA MILLER,
BRADLEY RIDENHOUR, CHRYSTAL HALE,
and JANICE RALLS,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants,

By: s/Dylan P. Grady
Dylan P. Grady, #6309120
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-9014
Facsimile: (217) 782-8767
E-Mail: dgrady@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| WARREN G. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15-751-SMY-SCW |
| ) | |
| IL. DEPT OF HUMAN SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2015, I electronically filed the foregoing *Memorandum of Law in Support of Defendant's Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on September 25, 2015, I mailed by United States Postal Service, the document to the following non-registered participant:

Warren G. Jones
3415 Westmont St, Apt 2
Mt. Vernon, IL 62864

By: s/Dylan P. Grady
Dylan P. Grady, #6309120
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-9014
Facsimile: (217) 782-8767
E-Mail: dgrady@atg.state.il.us